[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15488

_____

D.C. Docket No. 4:14-cv-00174-RH-CAS


ERIC S. BRANCH,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant,

JEFF ATWATER,
Chief Financial Officer, State of Florida,
ALTON L. COLVIN,
Executive Director of the Justice Administration Commission,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 26, 2015)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

This is Eric Branch's appeal from the district court's dismissal of his 42 U.S.C. § 1983 lawsuit challenging an aspect of Florida's system for providing counsel to prisoners under sentence of death for purposes of state post-conviction proceedings such as those filed under Florida Rule of Criminal Procedure 3.851. The aspect of the system that Branch challenges is the difference that existed when he filed his state post-conviction petition between the registry counsel system in the region of the state where his petition was filed and the Capital Collateral Regional Counsel (CCRC) system in the rest of the state. That difference was the result of a pilot program designed to determine if a registry counsel system could provide adequate representation and resources more efficiently and at less cost than the CCRC system. Branch contends that the difference between the resources and representation provided to inmates like him in the district of the state he was in and that provided to the inmates in the other two districts of the state violated his Equal Protection rights.

The district court dismissed the complaint on statute of limitations grounds after rejecting Branch's contention that he was entitled to equitable tolling because he had been misled by, or had misunderstood, what his counsel or the district court

2

had said about whether Branch could file <u>pro</u> <u>se</u> a § 1983 complaint like the one that was filed in this lawsuit.

We affirm the dismissal on statute of limitations grounds for the reasons set out in the district court's order of November 11, 2014.

**AFFIRMED.**